IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VERNON CUPP, | No. C 14-1283 MMC |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING MAY 23, 2014 HEARING** |
|   v. | |
| MARK AZZOUNI, et al., | |
|     Defendants. | |

Before the Court are three motions to dismiss, filed, respectively, by defendant Scott Bachmann ("Bachmann") on April 9, 2014, defendant Superior Court for the State of California, County of Sonoma ("Superior Court") on April 10, 2014, and defendant Sara Delaney ("Delaney") on April 10, 2014. Defendants Mark Azzouni ("Azzouni") and City of Santa Rosa have joined in Delaney's motion. Plaintiff Ronald Vernon Cupp ("Cupp") has filed, along with a motion to strike, a single opposition addressing the three motions. Bachmann, the Superior Court, and Delaney have replied separately, and Azzouni and City of Santa Rosa have joined in Delaney's reply.

The Court, having read and considered the papers filed in support of and in opposition to the motions, deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 23, 2014, and rules as follows.

**BACKGROUND**

On January 23, 2013, Cupp was arrested by Azzouni, accompanied by Bachmann and Delaney, in front of his office in Rohnert Park, California. (See Compl. ¶¶ 16-18.) Cupp was thereafter transported to and held at the Sonoma County Sheriff's Office's Main Adult Detention Facility. (See id. ¶ 28.) On January 25, 2013, Cupp was brought to court to appear before a magistrate on criminal charges. (See id. ¶ 31.) The criminal case against him is still pending. (See id. ¶ 40.)

On December 12, 2013, Cupp filed for Chapter 7 bankruptcy protection. (See Delaney Request for Judicial Notice ("RJN") Ex. E.) In the Chapter 7 bankruptcy schedules he filed, Cupp did not list among his assets any legal claims. (See id. Ex. F at 6.) He received a discharge in bankruptcy on March 18, 2014. (See id. Ex. G.)[1]

On March 20, 2014, Cupp filed the instant complaint, in which he alleges his arrest was not made pursuant to a warrant (see id. ¶ 36), that he "was jailed without probable cause, without committing a crime" (see id. ¶ 33), and that he "was not taken immediately to a neutral judge for a 'probable cause hearing'" (see id.). Based thereon, he brings claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He seeks $16 million in compensatory and punitive damages as well as declaratory and injunctive relief.

Defendants now move to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, inter alia, Cupp's claims for damages are barred by judicial estoppel and lack of standing, and that his claims for declaratory and injunctive relief are barred under Younger v. Harris, 401 U.S. 37 (1971).[2]

---

[1] By his motion to strike, Cupp objects to the Court's consideration of the above-referenced three documents. Generally, a district court, in ruling on a motion brought under Rule 12(b)(6), may not consider material beyond the complaint. A district court may, however, take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court has confirmed that the three documents are part of the bankruptcy court's record, and, accordingly, Cupp's objection thereto is hereby overruled.

[2] In light of the findings set forth below, the Court does not address herein the other arguments defendants raise in support of dismissal.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

**A. Judicial Estoppel/Standing**

**1. Judicial Estoppel**

Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990) (internal quotation and citation omitted). It "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Defendants argue that

3

Cupp, by failing to include in his bankruptcy schedules the legal claims he now brings, should be judicially estopped from seeking damages based on any such claims. As discussed below, the Court agrees.

A debtor has an "express, affirmative duty to disclose all assets, including contingent and unliquidated claims," see Hamilton, 270 F.3d at 785 (internal quotation and citation omitted), and, consequently, will be "judicially estopped from asserting a cause of action not . . . mentioned in [his] schedules," see id. at 783. "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules . . . to identify the cause of action as a contingent asset." See id. at 784.

Here, as noted, Cupp was arrested and charged in January 2013, almost eleven months before he filed for bankruptcy (see Delaney RJN Ex. E), and, as noted, he did not list the instant claims as contingent assets on his bankruptcy schedules (see id. at Ex. F at 6). Rather, two days after receiving a discharge, he filed the instant complaint. Although courts have recognized that the application of judicial estoppel may not be warranted where a debtor either lacks knowledge of a claim or has no motive to conceal it, see Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 272 (9th Cir. 2013), here it is clear that Cupp, during the pendency of the bankruptcy proceedings, had both knowledge of the claims he now brings and, given the amount he seeks to recover in damages, a motive to conceal them.

Accordingly, to the extent Cupp seeks damages as a form of relief, the complaint will be dismissed on the basis of judicial estoppel.

**2. Standing**

Where, as here, a party has filed for bankruptcy, the bankruptcy "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case," see 11 U.S.C. § 541(a)(1), including a legal cause of action, see Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001). Where a debtor fails "properly to schedule an asset, including a cause of action, that asset continues to belong to the

4

bankruptcy estate and [does] not revert to [the debtor]." See id. at 945-46; 11 U.S.C. § 554(d) (providing "[p]roperty of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate"). Where a legal claim remains property of the bankruptcy estate, a debtor lacks standing to bring a lawsuit on such claim. See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706, 710 (9th Cir. 1986) (affirming dismissal of emotional distress claim; holding plaintiff "lacked capacity to sue" because plaintiff's claim "remained property of the bankruptcy estate" under § 541(a)(1)). As noted, Cupp did not schedule the instant claims as contingent assets. Consequently, the claims remain property of the bankruptcy estate, and Cupp lacks standing to sue thereon.

Accordingly, to the extent Cupp seeks damages as a form of relief, the complaint will be dismissed on such additional ground.

### B. Younger Abstention

"[I]n the absence of exceptional circumstances creating a threat of irreparable injury 'both great and immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." Kugler v. Helfant, 421 U.S. 117, 123 (1975) (quoting Younger, 401 U.S. at 46). Here, the claims at issue in the above-titled action arise from the arrest and prosecution currently at issue in the state court, and Cupp seeks an injunction staying the state court proceedings until resolution of his claims in the district court, as well as a declaratory judgment that his arrest was made without a valid warrant. (See id. ¶¶ 54, 60.) Defendants argue the injunctive and declaratory relief sought by Cupp would impermissibly interfere with his pending prosecution. The Court, again, agrees.

"[A] prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity," Younger, 401 U.S. at 46 (internal quotation and citation omitted), as the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" are "not by themselves . . . considered 'irreparable' in the special legal sense of that term," see id. Rather, a party seeking relief such as that sought here must

show either "bad faith" on the part of the state officials responsible for the prosecution, see Kugler, 421 U.S. at 124, or that the prosecution is "only one of a series of repeated prosecutions to which he will be subjected," Younger, 401 U.S. at 49; see, e.g., Krahm v. Graham, 461 F.2d 703, 705-06 (9th Cir. 1972) (finding good cause for injunctive relief where plaintiffs showed prosecutions were part of "anti-pornography campaign . . . spearheaded by the mayor" and pending cases were similar to "eleven that [had] resulted in acquittals," as well as "two that were dismissed on the morning of trial"). "A plaintiff asserting bad faith prosecution as an exception to Younger abstention must allege specific facts to support an inference of bad faith." See Collins v. Kendall County, Ill., 807 F.2d 95, 98 (7th Cir. 1986).

      Here, Cupp has alleged no facts sufficient to make the requisite showing. Rather, he asserts in conclusory fashion that "all" defendants "acted in bad faith, wantonly, recklessly, willfully, maliciously, and 'in concert' with additional state officers." (See Compl. ¶ 39.) Nonetheless, the Court will afford Cupp leave to amend to plead, if he is able, facts sufficient to support the requested intervention.

      Accordingly, to the extent Cupp seeks declaratory and injunctive relief, the complaint will be dismissed with leave to amend.

**CONCLUSION**

      For the reasons stated above, defendants' motions to dismiss are, in each instance, hereby GRANTED, as follows:

      1. To the extent Cupp seeks damages as a form of relief, the complaint is DISMISSED.

      2. To the extent Cupp seeks declaratory and injunctive relief, the complaint is DISMISSED with leave to amend as described above.

      3. In the event Cupp wishes to file a First Amended Complaint, he shall file such pleading no later than May 28, 2014. In any such First Amended Complaint, Cupp may only add facts as specifically described above. Cupp may not add any new federal or state law claims, or add any new defendant, without first obtaining leave of court. See Fed.

R. Civ. P. 15(a)(2).

4. The Case Management Conference currently set for June 20, 2014 is hereby CONTINUED to August 22, 2014.

**IT IS SO ORDERED.**

Dated: May 12, 2014

MAXINE M. CHESNEY
United States District Judge