United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VERNON CUPP, | No. C 14-1283 MMC |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| MARK AZZOUNI; CITY OF SANTA ROSA; SARA DELANEY; SCOTT BACHMAN; SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SONOMA; SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SONOMA, CASE NO: SCR628864, | |
| Defendants. / | |

The Court is in receipt of plaintiff's "Motion to Reconsider Courts Ruling of May 12, 2014 on 12(b)(6) Motion," filed May 27, 2014, by which filing plaintiff seeks reconsideration of the Court's order granting defendants' respective motions to dismiss the complaint in the above-titled action. (See Order Granting Defendants' Motions to Dismiss, filed May 12, 2014.) Having read and considered plaintiff's motion, the Court rules as follows.

By the instant complaint, plaintiff asserts seven causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, each alleging that on January 23, 2013, plaintiff was arrested "without probable cause [and] without committing a crime." (Compl. ¶¶ 16, 33.) By the instant motion, plaintiff asks the Court to reconsider its ruling that, in light of plaintiff's failure to list said claims among his contingent assets on his bankruptcy

schedules, plaintiff was both judicially estopped from bringing, and lacked standing to bring, said claims to the extent he sought damages as a remedy. (See Order, filed May 12, 2014, at 3-5.) Plaintiff argues he is entitled to reconsideration because, according to plaintiff, he orally told the bankruptcy trustee, at a "341 [m]eeting"[1] held in January 2014, that he was considering suing the City of Santa Rosa for civil rights violations related to his arrest, and "it was [the trustee] who decided not to require [plaintiff] to revise and/or list the civil cases on his schedules and to close the creditors meeting." (See Mot. at 3:1-4; id. Ex. B.)[2]

       Where, as here, a party seeks reconsideration of an interlocutory order, the movant must file a request to file a motion for reconsideration, see Civ. L.R. 7-9(a), and must "specifically show" therein one of the following circumstances: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," and that such difference was unknown to the party despite "the exercise of reasonable diligence"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order," see Civil L.R. 7-9(b).

       Plaintiff's motion for reconsideration fails to comply with the Civil Local Rules in all respects. First, plaintiff has not sought leave to file his motion. More importantly, plaintiff fails to make any showing as to any of the circumstances set forth as a predicate to reconsideration. Plaintiff's presence at the January 16, 2014 meeting demonstrates that, long before defendants filed their motions to dismiss and the Court issued its order, plaintiff was aware of the facts on which he now, for the first time, relies.

       Moreover, even if the Court were to consider the motion on its merits, plaintiff's

---

[1] Pursuant to 11 U.S.C. § 341, "the United States trustee shall convene and preside at a meeting of creditors," during which the trustee must "orally examine the debtor." See 11 U.S.C. § 341(a), (d).

[2] In connection with the instant motion, plaintiff has submitted a complete audio recording (see Mot. ¶ 7 & attachment) as well as a partial transcription prepared by himself (see id. Ex. B), neither of which contains any such remarks by the trustee.

claims would remain subject to dismissal.  In particular, according to a request to stay recently filed by plaintiff, the prosecution arising from the arrest on which his claims are based has resulted in a conviction.  As set forth in the Court's order filed concurrently herewith and denying that request, where a plaintiff brings a civil action alleging an unlawful arrest and such plaintiff is ultimately convicted of the crimes for which he was arrested, the civil action must be dismissed.  See Wallace v. Kato, 549 U.S. 384, 394 (2007) (requiring dismissal of § 1983 action where civil suit "would impugn" the conviction).

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 18, 2014

MAXINE M. CHESNEY
United States District Judge