1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

RONALD VERNON CUPP,                          No. C 14-1283 MMC

10              Plaintiff,                    **ORDER DENYING REQUEST TO STAY;
                                             DISMISSING ACTION**
11        v.

12   MARK AZZOUNI; CITY OF SANTA ROSA;
     SARA DELANEY; SCOTT BACHMAN;
13   SUPERIOR COURT FOR THE STATE OF
     CALIFORNIA, COUNTY OF SONOMA;
14   SUPERIOR COURT FOR THE STATE OF
     CALIFORNIA, COUNTY OF SONOMA
15   CASE NO: SCR628864,

16              Defendants.
                                      /
17

18

19        By order filed May 12, 2014, the Court dismissed all claims alleged in the above-

20   titled action, and, to the extent such claims sought declaratory and injunctive relief, afforded

21   plaintiff leave to file, no later than May 28, 2014, an amended complaint alleging, if plaintiff

22   could do so, an exception to the rule set forth in Younger v. Harris, 401 U.S. 37 (1971).

23   (See Order Granting Defendants' Motions to Dismiss, filed May 12, 2014, at 5:24-6:15);

24   Younger, 401 U.S. at 49 (holding federal courts may not intervene in pending state criminal

25   prosecution absent showing prosecution was "brought in bad faith or is only one in a series

26   of prosecutions to which [plaintiff] will be subjected").  Thereafter, by order filed May 30,

27   2014, the Court granted plaintiff's request to extend the deadline to June 27, 2014.  Now

28   before the Court is plaintiff's Request for Stay of Proceedings, filed June 10, 2014, which

     filing the Court construes as a request for a further extension of the deadline to file an

United States District Court
For the Northern District of California

1   amended complaint.  As set forth below, the request will be denied.

2        By the instant complaint, plaintiff asserts seven causes of action under 42 U.S.C.

3   §§ 1983, 1985, 1986, and 1988, each alleging that on January 23, 2013, plaintiff was

4   arrested "without probable cause [and] without committing a crime."  (Compl. ¶¶ 16, 33.)  In

5   support of the instant request, plaintiff states the prosecution arising from the arrest on

6   which his claims are based has resulted in a conviction and that he has been remanded

7   into custody.  Where, as here, a plaintiff brings a civil action alleging an unlawful arrest and

8   such plaintiff is ultimately convicted of the crimes for which he was arrested, the civil action

9   must be dismissed.  See Wallace v. Kato, 549 U.S. 384, 394 (2007) (requiring dismissal of

10  § 1983 action where civil suit "would impugn" conviction).

11       Accordingly, plaintiff's request is hereby DENIED, and the instant action is hereby

12  DISMISSED without prejudice to plaintiff's filing a new action should he be able to

13  demonstrate that his conviction has been overturned or otherwise invalidated.  See Heck v.

14  Humphrey, 512 U.S. 477, 481, 487 (1994) (holding suit alleging wrongful arrest subject to

15  dismissal unless plaintiff can "prove that the conviction or sentence has been reversed on

16  direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

17  to make such a determination, or called into question by a federal court's issuance of a writ

18  of habeas corpus").

19       The Clerk shall close the file.

20       **IT IS SO ORDERED.**

21

22  Dated: July 18, 2014

                                              MAXINE M. CHESNEY
                                              United States District Judge

2